Carrol Eugene REDD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00065–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 12, 1986.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., David E. Brothers, Harris County Asst. Dist. Atty., Houston, for appellee.

Before COHEN, DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

Appellant was indicted for burglary of a habitation, theft, and theft by receiving. Appellant's motion to suppress the property described in the indictment was denied. The State then abandoned the burglary, theft by receiving, and enhancement paragraphs, and appellant pled guilty to theft with a plea agreement for seven years confinement.

We reverse and remand.

Appellant's sole ground of error alleges error in denying his motion to suppress.

At the hearing on appellant's motion to suppress, the following evidence was presented. Ben Norman, of the Houston Police Department (HPD) testified that on September 18, 1984, a weekday, he received a phone call from an investigator of another county. The investigator told him that appellant was at the Pool Side Motel, room 309, and was in possession of stolen property. The investigator said he had received his information from a man, a Mr. Williams, who was then in custody for several burglaries. Officer Norman testified that he knew nothing about the informant, and that the investigator did not tell him whether or not the informant was a credible person. Norman was told that Williams and others were burglarizing houses and delivering the stolen property to appellant. The only stolen item specifically named was a .44 Magnum pistol allegedly sold by Williams to appellant. Norman was also told that appellant might soon leave because of a press release stating that the informant was providing information about burglaries. Norman testified that at that time he did not have time or sufficient information to procure a warrant.

At approximately 3:00 p.m., Norman and three other officers proceeded to the motel, checked the clerk's records, and verified that appellant was registered in room 309 and had been there for some time. When Norman went to the room and knocked on the door, someone other than appellant pulled the curtains and looked out. Norman was dressed in plain clothes, and the two officers wore HPD raid jackets. When Norman knocked on the door he had a .45 automatic pistol in his hand.

Norman identified himself and the other officers as police officers and asked if appellant was there. The man opened the door and said appellant was in the bathroom. Shortly thereafter, appellant came to the door opened it, and said "I was expecting you." Norman testified that from the doorway, he could see miscellaneous property, specifically cassettes and a few televisions throughout the room. Norman testified that because what he saw was consistent with the information received from the investigator, he placed appellant under arrest and searched the room. On cross-examination, he admitted he did not know whether that property was stolen. The property recovered was under the bed and in full view. Some of the items recovered were determined to have been taken in burglaries that same day and within the previous two weeks.

Norman admitted that appellant never gave oral or written consent to search the premises.

Norman testified that he was looking for the .44 magnum pistol but did not recover one. Norman testified that two other individuals, Gregg Smith and Adolph Ruiz, were with appellant in room 309.

C.H. Rudolph of the HPD testified that he joined Norman in the search and when they went to the room, he had his pistol drawn. He searched another room and recovered several items of property.

Gregory Smith testified that he was in room 309 talking to another man, Adolph Ruiz, when he heard a knock on the door. Appellant was in the bathroom. As Smith slightly opened the door, Norman stuck a pistol in his face and immediately four officers rushed into the room and handcuffed him and Ruiz. He testified that there was nothing he could do to prevent the officers from entering. The officers told appellant to come out of the bathroom and told him that they wanted the .44 pistol. Appellant denied having the pistol. Smith maintained that the property recovered was not in full view but was in the closet, and that no one had given the police permission to enter the room.

Appellant testified that he was registered under the name "Gene Redd." He first came into contact with the officers when he walked out of the bathroom. The officers asked him to come out and asked for a .44 Magnum pistol, which he denied having. Appellant also testified that he never went to the front door or gave his permission for the officers' entry. He also denied stating that he was expecting the officers. Appellant further testified that he was never told that he was under arrest, but felt he was not free to leave. He saw pistols drawn, and was handcuffed after the search was completed. He testified that the recovered property was under the bed and in the closet.

Appellant contends that his warrantless arrest and the search were illegal in three respects: (1) the information the police relied upon was not provided by a credible person; (2) the police had no knowledge or basis for believing that appellant was about to escape; and (3) appellant did not consent to the search.

The State argues that a warrant was unnecessary because the information received by Norman, together with his independent observations, was sufficient to establish probable cause that evidence pertaining to a crime would be found in appellant's room. The State also argues that the circumstances surrounding the arrest and search made the procuring of a warrant impractical, because news of the informant's cooperation with the police had been released. The State further argues that the officers "sacrificed their identity" by approaching appellant's room as part of their investigation. They allege that these circumstances produced the likelihood that the evidence would be moved or destroyed before the officers could secure a warrant.

Tex. Code Crim.Proc. Art. 38.23 (Vernon 1965) provides in pertinent part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim.Proc. Art. 14.04 (Vernon 1965) provides:

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, *and that the offender is about to escape, so that there is no time to procure a warrant,* such peace officer may, without warrant, pursue and arrest the accused.

(Emphasis added.)

"The Legislature has determined through its enactment of Arts. 14.01 through 14.04 and 38.23, V.A.C.C.P., that the right to be free from warrantless arrest is at least equal in magnitude to the state and federal constitutional right to be free from unreasonable searches and seizures." *Bell v. State,* 707 S.W.2d 52, 60 (Tex.Crim.App.1986).

The Court of Criminal Appeals adopted the test of *Brown v. Illinois*, 422 U.S. 590, 603–604, 95 S.Ct. 2254, 2261–2262, 45 L.Ed.2d 416 (1975), in *Bell v. State*, 707 S.W.2d at 60, for alleged violations of Articles 14.01 through 14.04, providing for exclusion of confessions that are fruits of an illegal arrest. The four factors considered to determine whether the causal chain between the illegal arrest and the statements is broken so as to render the statements admissible are:

(1) the giving of *Miranda* warnings;

(2) the temporal proximity of the arrest and confession;

(3) the presence of intervening circumstances; and,

(4) the purpose and flagrancy of the official misconduct.

The Court of Criminal Appeals recently recognized a relaxation of the fourth factor when the police conduct, though improper, is not flagrant or purposeful. *Self v. State*, 709 S.W.2d 662, 667–668 (Tex.Crim. App.1986). The court distinguished the situation where a warrantless arrest was not an "expedition for evidence" or undertaken "in the hope that something might turn up." *Id.*; citing *Brown v. Illinois*, 422 U.S. at 605, 95 S.Ct. at 2262.

■ The exigent circumstances test of Article 14.04 was not satisfied in this case. "It is the information that an escape is imminent which dispenses with the necessity of a warrant of arrest." *Bell v. State*, 707 S.W.2d at 59. Norman based his decision not to secure a warrant on the suggestion that a press release might cause appellant to move. The State failed to meet its burden to show the arrest was within the exception to the warrant requirement. *Honeycutt v. State*, 499 S.W.2d 662, 664–665 (Tex.Crim.App.1973). Because of the absence of the required exigent circumstances, the arrest was improper. *Bell v. State*, 707 S.W.2d at 59; *Pearson v. State*, 657 S.W.2d 120, 121 (Tex.Crim.App.1983).

Having determined the arrest was improper, the evidence obtained must be excluded unless the police misconduct was shown not to be purposeful or flagrant.

■ Some measurements of the degree of police misconduct are: (1) whether the factors relied upon in making an arrest were so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable; (2) whether an arrest is effectuated as a pretext for collateral objectives; and (3) whether an arrest is unnecessarily intrusive on personal privacy. *Bell v. State*, 707 S.W.2d at 62.

The distinguishing factor in *Self v. State* was that the warrantless arrest was effectuated with probable cause. In the instant case, we find that probable cause was absent.

■ The test applicable in determining probable cause for arrest without a warrant is whether the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense. *Britton v. State*, 578 S.W.2d 685, 689 (Tex.Crim.App.1978) (op. on reh'g), cert. denied, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979).

■ Norman admitted that he had no basis to rely on the credibility of the informant, and that he did not have sufficient information to obtain a warrant. Norman went ahead with the investigation, however, due to purportedly "exigent" circumstances. It appears that Norman did indeed proceed on an "expedition for evidence . . . in the hope that something might turn up." *Self v. State*, 709 S.W.2d at 667. Even at the premises, the incriminating evidence allegedly establishing probable cause did not include the specific item reported stolen, i.e., the .44 Magnum pistol.

There is no dispute that appellant or anyone else ever consented to the search. In the absence of such consent, the taint created by the warrantless arrest was unattenuated and the resulting evidence inadmissible.

The judgment of the trial court is reversed, and the cause is remanded.