Larry Arnold **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–85–01013–CR.

Court of Appeals of Texas, Dallas.

Sept. 22, 1986.

Karen Chilton Beverly, William T. Booth, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

**4**

HOWELL, Justice.

Larry Arnold Wilson was convicted in a trial before a jury of aggravated robbery of persons present in a hairstyling establishment known as The Cutting Company. Sentenced to seventy-five years' imprisonment, he appeals urging four grounds of error. We find no reversible error and affirm the trial court's judgment.

Appellant first argues that his arrest was illegal and consequently that certain physical evidence plus his written confession obtained pursuant to that arrest should not have been admitted. We conclude that appellant's arrest was lawful and that both the confession and the fruits of the search are admissible.

The robbery in question occurred on October 22, 1980. The robber took cash and jewelry from the employees and customers. With the aid of the witnesses, the police formulated a composite drawing of the robber. Investigator Ron Brigance took the drawing to apartment complexes in the vicinity of the robbery to see whether apartment managers or maintenance personnel could identify the person. At one complex, Brigance was given appellant's name and was told that the drawing looked "identical" to appellant. Brigance checked and found that appellant had an outstanding alias ticket warrant. Brigance did not immediately attempt to arrest appellant.

On November 14, 1980, Brigance went to appellant's apartment but did not find him there. Later that day Brigance received a radio dispatch informing him of a robbery at a clothing store and giving a description of the robber, the vehicle involved, and its license number. The police determined that the vehicle belonged to Calvin Dunbar. Brigance and two other investigators went to Dunbar's apartment, entered and waited for him to arrive.

After about thirty minutes, appellant entered the apartment with a key. The officers made him lay "spread eagle" on the

floor. They determined appellant's identity. Brigance noticed that appellant closely resembled the composite drawing. He was wearing a gold necklace and Brigance knew that one had been taken in the Cutting Company robbery. Appellant was arrested. The next day, appellant made a written confession and executed a consent to search. The search of appellant's apartment recovered items of jewelry taken in the Cutting Company robbery.

The State invokes the alias traffic ticket warrant as justification for appellant's arrest. We must therefore view this case as one of warrantless arrest. When an arrest is challenged and the State relies on a warrant, the warrant must be exhibited to the trial judge for a ruling. *Gant v. State*, 649 S.W.2d 30, 33 (Tex.Crim.App. 1983). The alias traffic ticket warrant was never placed before the court. Therefore, we must view this case as if appellant were arrested without a warrant. We further hold that the State was burdened to show that the arrest falls within one of the exceptions permitting a warrantless arrest. *Wilson v. State*, 621 S.W.2d 799, 803 (Tex. Crim.App.1981).

Article 14.03 of the Code of Criminal Procedure authorizes the warrantless arrest of "persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace...." First, was Dunbar's apartment a suspicious place? Under the circumstances shown, we conclude that it was. A car registered to Dunbar had been used in a robbery shortly before. Clearly the police acted reasonably in identifying Dunbar as the probable culprit. Thus, it was reasonable for them to place the apartment under surveillance[1] in the belief that Dunbar could soon be located there. Inasmuch as the apartment could be classified as a "suspicious place," it was also reasonable for the officers to conduct "stop and

1. The question whether the police lawfully entered the apartment is not before us. Had they waited immediately outside the apartment, they would have had the identical opportunity to

arrest appellant. Warrantless entry did not enhance the opportunity to observe and arrest appellant. Appellant may not question the entry because he sustained no harm by that entry.

frisk" operations upon other persons frequenting the premises.

■ The second requirement of Article 14.03 was likewise met. Appellant was recognized by the officers from the composite drawing. Further, he was wearing a gold necklace, possibly one of the items taken in The Cutting Company robbery. These facts constituted "specific articulable fact[s]" justifying an investigatory detention sufficient to ascertain appellant's identity and to assure the officers' safety. The fact that appellant was found entering the Dunbar apartment did not lessen these circumstances. These facts would have been sufficient to warrant temporary detention even had he been observed on the public street. *See Gearing v. State*, 685 S.W.2d 326, 328 (Tex.Crim.App.1985).

■ Once appellant had been detained, Investigator Brigance learned that his name was Larry Arnold Wilson—the very name of the person who had been described as "identical" to the person depicted in the composite drawing. Brigance's own observations confirmed the similarity. The fact that appellant was wearing a gold necklace strengthened the identification of appellant as the person involved in the Cutting Company robbery. Having detained appellant and having determined that his name matched that given by an acquaintance who inspected the drawing, probable cause to stop ripened into probable cause to arrest. *See Lewis v. State*, 598 S.W.2d 280, 284 (Tex.Crim.App.1980) (probable cause to arrest exists when the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information will warrant a reasonable and prudent person to believe that the particular suspect has committed or is committing a crime.)

Appellant next complains of the admission of the composite drawing depicting the person who robbed the Cutting Company. The evidence indicates that two witnesses separately selected features from a book. The officer assembled the features on a board. The two witnesses then reviewed the composite together and came up with a final edition. Appellant contends that the collaboration of the witnesses somehow tainted the drawing and that the officer should have been made available for cross-examination.

■ We find no merit in the contention. The witnesses stated that the final drawing accurately depicted the person who robbed the Cutting Company except for the difference in the mustache. Such testimony is an adequate predicate to the introduction of a photograph. *Nethery v. State*, 692 S.W.2d 686, 700 (Tex.Crim.App.1985). We perceive no important distinction between a photograph and a composite drawing in this regard. *See Creel v. State*, 493 S.W.2d 814, 821 (Tex.Crim.App.1973) (water color drawing by witness held admissible).

■ Appellant complains in his final ground of error that his confession should not have been admitted because it does not show that it was made in connection with the particular offense for which he was tried. The statement does not refer to the Cutting Company specifically. Officer Brigance's testimony indicates that the statement was made in reference to the Cutting Company robbery. The statements in the confession are consistent with events described by the witnesses at the Cutting Company. All grounds of error are overruled and the judgment is affirmed.

WHITHAM, J., concurs.

WHITHAM, Justice, concurring.

I concur in the result.