The **STATE** of Texas, Appellant,

v.

Alan **PARSON**, Appellee.

Nos. 04–98–00357–CR to 04–98–00359–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 23, 1998.

Judy Madewell, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Cynthia Babbitt Foster, Babbitt & Foster, P.C., San Antonio, for appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

CATHERINE STONE, Justice.

The State appeals the granting of a motion to suppress. The trial court determined that the State did not have probable cause to

arrest Alan Parson, that Parson was not in a suspicious place at the time of his arrest, and that there were no exigent circumstances. Consequently, the trial court found that the State was not justified in making a warrantless arrest under TEX.CODE CRIM. PROC. art. 14.03 and 14.04 (Vernon 1977 & Supp.1998) and suppressed the physical evidence obtained as a result of this arrest. Because we find the circumstances sufficient to support a finding of probable cause and of a suspicious place, we reverse the order of the trial court.

## FACTUAL BACKGROUND

On June 30, 1997, Deputy Herndon was called to the scene of an accident on Somerset Road. Two people had been seriously injured in a "hit and run" and had been taken to the hospital. Herndon was approached by Shane Dennis who reported that Alan Parson had been involved in the accident. Dennis told Deputy Herndon that Parson had arrived home earlier and said that he had struck "something" while driving home. Dennis was not a witness to the accident.

Deputies Herndon and Cook went with Dennis to Parson's home and found Parson standing next to his truck. On the hood of the truck was an open bottle of beer, some potato chips, and a sandwich. Herndon noted that Parson seemed a little intoxicated. Parson's truck had a missing right hand rear-view mirror, cracked windows, a broken headlight, some body damage, and generally was in bad condition with dents and rusted areas. The officers informed Parson that they were investigating a hit and run accident that occurred on Somerset Road where a woman and a child had been injured. Parson said something like "oh my God" and began to hit his head against a 4 × 4 post in front of his trailer. At that point, the officers restrained him and gave him his *Miranda* warnings. While Herndon testified

that he only "detained" Parson, the State concedes that Parson was in fact under arrest. The officers placed Parson in one of their police cars and waited for Officer Martinez to arrive.

When Officer Martinez arrived (approximately three hours after the accident occurred), he had Parson perform several field sobriety tests and concluded that Parson was presently intoxicated. Parson was taken to the police station where he gave a statement and voluntarily submitted to a blood test. Officer Martinez testified that if they had not arrested Parson when they did, they would have lost evidence of the alcohol content of his body. An arrest warrant was never obtained by any of the officers.

## WARRANTLESS ARREST

■ Generally speaking, police officers must obtain an arrest warrant before taking someone into custody or placing them under arrest. *See DeJarnette v. State,* 732 S.W.2d 346, 349 (Tex.Crim.App.1987). However, in certain circumstances, arrests may be legally procured without a warrant. In Texas, warrantless arrests are controlled exclusively by statute. *Boyington v. State,* 738 S.W.2d 704, 707 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Chapter 14 of the Texas Code of Criminal Procedure sets out the specific circumstances when officers may act without a warrant. The State contends on appeal that Parson's warrantless arrest was justified under TEX.CODE CRIM. PROC. ANN. art. 14.03(a)(1) (Vernon Supp.1998). To obtain the benefit of this provision, the State must show that (1) it had probable cause to arrest Parson, and (2) Parson was in a suspicious place.[1]

## STANDARD OF REVIEW

■ Appellate courts should afford almost total deference to a trial court's determination of the historical facts that the rec-

---

1. Article 14.03 provides:

    (a) Any police officer may arrest, without warrant:

    (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section

49.02, Penal Code, or threaten, or are about to commit some offense against the laws;

TEX.CODE CRIM. PROC. ANN. art. 14.03(a)(1) (Vernon Supp.1998). While 14.03(a)(1) does not specifically state "probable cause," it is held to require the legal equivalent. *Rosalez v. State,* 875 S.W.2d 705, 719 (Tex.App.—Dallas 1993, pet. ref'd).

ord supports, especially when those findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The same amount of deference should be given to the trial court's rulings on application of law to fact questions, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* The appellate courts may review *de novo* mixed questions of law and fact not falling within this category. *Id.*

■ Whether the State had probable cause and whether Parson was in a suspicious place are determinations to be reviewed under a *de novo* standard as they are mixed questions of law and fact and do not turn on an evaluation of credibility and demeanor. *See id.* at 90 (reviewing probable cause under a *de novo* standard). *See also Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996) (holding that a trial court's determination of probable cause should be reviewed *de novo* ). In other words, an appellate court should give deference to the trial court's determination of the facts as revealed in the testimony at trial, but review whether, considering those facts, the law was properly applied (i.e., whether those facts constituted probable cause or suspicious place).[2]

## PROBABLE CAUSE

■ "Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense." *Guzman v. State*, 955 S.W.2d at 87;

*Amores v. State*, 816 S.W.2d 407, 412 (Tex. Crim.App.1991). Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence. *Guzman*, 955 S.W.2d at 87. "The rule of probable cause seeks to accommodate the sometimes opposing interests of safeguarding citizens from rash and unreasonable police conduct and giving fair leeway to legitimate law enforcement efforts." *Id.* The reviewing court should determine whether the facts, considering the totality of circumstances, were sufficient to give the officers probable cause to arrest the defendant. *Id.* The Court of Criminal Appeals has specifically instructed appellate courts to review the facts together and not examine each factor in isolation. *See Loesch*, 958 S.W.2d at 832; *Guzman*, 955 S.W.2d at 87.

■ The facts known to the officers at the time of the arrest were: (1) the motor vehicle involved in the accident was a truck; (2) there was damage to the truck that Parson was standing next to; (3) Parson seemed intoxicated and had a beer next to him; (4) Dennis reported that Parson had told him that he hit something on the way home; (5) Parson's residence was only five to ten minutes from the scene; and (6) Parson became upset when the officers informed him that persons had been injured at a hit and run accident on Somerset Road.

Dennis did not witness the incident, but claims that the information came from Parson himself. While Dennis was able to verify

**2.** Parson argues that this court should use an abuse of discretion standard to review the trial court's ruling on the motion to suppress. First, he argues this to be the case because "Mr. Dennis' statements are conclusory in nature and not sufficiently factual." However, this analysis is misapplied. If we were reviewing Dennis' testimony, we would give total deference to any findings of fact the trial court made based on an evaluation of Dennis' credibility and demeanor. However, the probable cause issue is not based on Dennis' credibility (as he did not even testify), but is based on whether those statements given to police officers at the scene gave the police probable cause to arrest Parson. Thus, this would be a mixed question of law and fact *not* turning on credibility and demeanor.

Second, Parson argues that the *Guzman* court stated that generally the trial court's evidentiary rulings should be reviewed for an abuse of discretion. While this is true, the *Guzman* court was careful to point out that a trial court's evidentiary rulings generally do not involve an application of law to fact questions or mixed questions of law and fact, as the present case does. *Guzman*, 955 S.W.2d at 89. In fact in *Guzman*, the court was also reviewing a motion to suppress based on probable cause and consequently reviewed the trial court's determination of probable cause under a *de novo* standard. *Id.* at 90; *See Loesch v. State*, 958 S.W.2d 830, 833 (Tex. Crim.App.1997) (reviewing determination of probable cause *de novo* ).

that Parson lived at the reported address and even drove his truck into the driveway, there was no first hand information that Parson was involved in the accident at Somerset Road. Consequently, the decision of the arresting officers to rely on Dennis' information in establishing probable cause should be evaluated.

■ The State notes that "where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent." *Esco v. State*, 668 S.W.2d 358, 361 (Tex.Crim.App.1982). However, Dennis did not witness the accident. Few courts have had the opportunity to evaluate probable cause when it is based in part on information from a person who is not an eyewitness or victim of the crime—neither the State nor Parson cites any analogous case law on this point. *See Boyington v. State*, 738 S.W.2d 704, 707 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Even in cases where the defendant admitted a crime to a witness, the defendant was sure that he was the one who committed the crime and admitted specific facts to support this. Nevertheless, these same factors—reliability and credibility—are still valid when considering statements from an informant who did not witness the crime. *See id.*

Dennis' information certainly seems credible, and no evidence was presented indicating that the officers should have recognized at the time of the accident that Dennis was lying or had any reason to. However, whether the information was reliable poses different considerations. The only way Dennis knew about the incident was from information obtained from Parson. Parson told him he hit something on the way home. While the record does not indicate that he told Dennis on what road the accident occurred or where he was coming from, this admission, considered in connection with all the other circumstantial evidence, supports a finding of probable cause. It is probable (by more than a mere suspicion) that a person who had just been driving a truck in the area and believed that he was in an accident with "something" was responsible for the hit and run. Considering the totality of the circumstances, this is reasonably trustworthy information to support probable cause.

## SUSPICIOUS PLACE

Because the State argues that Parson's warrantless arrest was authorized under article 14.03(a)(1), the State must show that, in addition to having probable cause, Parson's front yard was a suspicious place. *See* TEX. CODE.CRIM. PROC. ANN. art. 14.03(a)(1).

■ Like probable cause, determining whether a place is "suspicious" is a highly fact-specific question. *Flores v. State*, 895 S.W.2d 435, 443 (Tex.App.—San Antonio 1995, no pet.). Few places are inherently suspicious, but a "place may become suspicious because of facts and circumstances known to the officer and any reasonable inferences which can be drawn from those facts." *Cornejo v. State*, 917 S.W.2d 480, 483 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd).

■ In this case, the State asserts that Parson's front yard was a suspicious place because of basically the same factors that it argued indicated probable cause: the vehicle involved was a truck, Parson's residence was five to ten minutes from the scene, Parson was standing next to his truck, Parson smelled of alcohol, there was damage to the truck, there was fabric on the ring of the broken head light, and Parson became upset upon learning that persons had been injured. Parson contends, however, that no crime was committed in his front yard and no evidence was found that connected Parson or his front yard to the crime.

Review of the case law indicates that several different factors have been used to justify the determination of a place as "suspicious." The State cites several cases where an eyewitness or police officer connected the suspicious place to the crime. *See Cornejo v. State*, 917 S.W.2d at 482–83 (appellant's automobile was suspicious where a crime was committed from an automobile and where the victims told police they thought the shooter was in that automobile); *Aitch v. State*, 879 S.W.2d 167, 171 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (appellant's car where

eyewitness identified rental car which police officer saw appellant turn in for his own car); *Crowley v. State,* 842 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1992) (appellant's garage where an eyewitness followed her there after appellant fled the accident), *pet. ref'd per curiam,* 830 S.W.2d 613 (Tex.Crim. App.1992).

In other cases cited by the State, the suspicious place was one where a crime occurred or where police reasonably believed a crime occurred. *See Cooper v. State,* 961 S.W.2d 229, 232 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (accident scene in front of bar where people were walking around intoxicated and bleeding); *Flores v. State,* 895 S.W.2d 435, 443 (Tex.App.—San Antonio 1995, no pet.) (park where officer reasonably believed a crime occurred); *Acosta v. State,* 868 S.W.2d 19, 21 (Tex.App.—Austin 1993, no pet.) (park where officers had followed the appellant after he picked up a known prostitute and drove elusively).

In the other cases, specific evidence directly connected the defendant or the place with the crime. *See Wilson v. State,* 722 S.W.2d 3, 4 (Tex.App.—Dallas 1986, no pet.) (appellant's apartment where a vehicle registered to him was recently used in a robbery). In another case, the appellant's behavior was a factor in determining whether a place was suspicious. *See Muniz v. State,* 851 S.W.2d 238, 251 (Tex.Crim.App.1993) (appellant's brother's house where appellant was the prime suspect and was found hiding in the closet when an officer arrived at the house).

In the present case, no eyewitness can connect Parson or his front yard to the crime and no one believed that a crime had been committed in Parson's front yard. However, Parson acted suspiciously when officers approached him with news of an accident occurring on Somerset Road. Much like the situation in *Muniz,* Parson's behavior indicated to the officers that he was a likely suspect. Additionally, Parson's front yard was connected to the crime by Dennis' retrieval of

the officers from the crime scene. Inferences could also have been drawn from Dennis' location of the accident and the fresh damage to Parson's truck. Thus, it is reasonable to conclude that Dennis' information, coupled with all the other circumstantial evidence, was enough to produce a finding of a suspicious place. We conclude that the trial court erred in finding that Parson's front yard was not a suspicious place.

## EXIGENT CIRCUMSTANCES

The State contends that there is no requirement that exigent circumstances exist prior to making a lawful arrest and that, consequently, the trial court erred in finding that the warrantless arrest was unlawful. It is true that exigent circumstances are not required under article 14.03. However, article 14.04 allows for a warrantless arrest where it can be shown to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape. TEX.CODE CRIM. PROC. ANN. art. 14.04 (Vernon 1977). The fact that an offender is about to escape is often referred to as "exigent circumstances." [3] *See Darden v. State,* 783 S.W.2d 239, 242 (Tex.App.—Corpus Christi 1989, pet. ref'd); *Redd v. State,* 712 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1986), *pet. ref'd per curiam,* 731 S.W.2d 96 (Tex. Crim.App.1987). Article 14.04 was raised by defense counsel at the suppression hearing, which is why the trial court made a finding on it. Thus, the trial court's finding that exigent circumstances did not exist was, in all likelihood, an effort to show that the State did not comply with article 14.04—not that the trial judge believed article 14.03 required exigent circumstances. The State does not argue on appeal that article 14.04 is applicable. Consequently, we do not address this issue, except to recognize that the trial court did not misapply the law in making this finding.

---

3. "Exigent circumstances" is also mentioned under article 14.05. This article simply provides that an officer may not enter a residence to make a warrantless arrest unless entry has been consented to or exigent circumstances require that the officer making the arrest enter the residence without the consent of a resident or without a warrant. *See* TEX.CODE CRIM. PROC. ANN. art. 14.05 (Vernon Supp.1998).

The order of the trial court is reversed and the cause is remanded for further proceedings.