Raymond RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–00–00710–CR.

Court of Appeals of Texas, San Antonio.

June 13, 2001.

Vincent D. Callahan, San Antonio, for Appellant.

Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: HARDBERGER, Chief Justice, STONE, and GREEN, Justices.

HARDBERGER, Chief Justice.

Raymond Rodriguez ("Rodriguez") appeals his murder conviction. In his sole point of error, Rodriguez contends that the trial court abused its discretion in denying his motion to suppress his confession. We overrule the point of error and affirm the trial court's judgment.

FACTUAL BACKGROUND

Rodriguez dropped off his two daughters, Dominique and Irma, at the apartment of Julia Godiness. Rodriguez told Godiness that Dominique was not feeling well and to take care of her. Dominique immediately began vomiting and having stomach pains, so Godiness put her in the bathtub with some hot water. Dominique started crying that she could not see, so Godiness called EMS. EMS arrived and took Dominique to the emergency room. Dominique was suffering massive internal bleeding from blunt force trauma and was given a 15% chance of survival. Dominique was rushed into surgery but later died.

A hospital employee informed the investigating officers that Dominique had been treated at the hospital on a previous occasion for injuries inflicted by Rodriguez. Godiness also informed the investigating officers that Rodriguez had abused the children on prior occasions. The investigating officers observed that Irma also had injuries, including two black eyes and bald spots on her head.

Godiness informed the investigating officers that Rodriguez was in the parking lot in a green truck. Two officers approached Rodriguez, read him his rights, handcuffed him, and placed him in a police car. Rodriguez was informed that he was under lawful detention pending further investigation of an injured child. Another officer subsequently approached Rodriguez and asked whether he would be willing to accompany the officers to the police station to talk about Dominique's injuries. After approximately one hour of questioning, Rodriguez confessed to having injured Dominique. Before trial, Rodriguez moved to suppress his statement, and the trial court denied the motion.

DISCUSSION

In reviewing the trial court's ruling on a motion to suppress, we afford deference to the trial court's determination of the historical facts, but we decide *de novo* whether the trial court erred in misapplying the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex.Crim.App.1997).

Rodriguez contends that his confession is inadmissible because it was obtained during a detention immediately following an illegal arrest. The State counters that Rodriguez was only temporarily detained, not arrested, prior to giving his statement. Alternatively, the State argues that Rodriguez was properly arrested because probable cause existed to believe Rodriguez committed an assault resulting in bodily injury to a member of Rodriguez's family. *See* TEX.CODE CRIM. PROC. ANN. art. 14.03(a)(4) (Vernon Supp.2001).

Whether Rodriguez's confession resulted from an investigative detention or an arrest is determined by resolving whether Rodriguez was in custody at the time he gave his confession. The following situations generally constitute custody: (1) when the suspect is physically deprived of his freedom of action in any significant way; (2) when a law enforcement officer tells the suspect he cannot leave; (3) when a law enforcement officer creates a situa-

tion that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and a law enforcement officer does not tell the suspect that he is free to leave. *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex.Crim.App. 1996).

Rodriguez was told he was under lawful detention, he was read his rights, handcuffed and placed in the back of a police car. Two officers waited at the police car until Rodriguez was transported to the police station for questioning. Rodriguez was in custody; therefore, we must determine if the officers had probable cause to arrest him.

■ In reviewing a warrantless arrest to determine the existence of probable cause, we look to the facts known to the officer at the time of the arrest. *Atkins v. State*, 919 S.W.2d 770, 773–74 (Tex.App.—Houston [14th Dist.] 1996, no pet.). Whether probable cause exists is determined by considering the totality of the circumstances. *See State v. Parson*, 988 S.W.2d 264, 267 (Tex.App.—San Antonio 1998, no pet.); *Atkins*, 919 S.W.2d at 773–74. Probable cause exists where the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Hughes v. State*, 24 S.W.3d 833, 838 (Tex.Crim.App.2000), *cert. denied*, 531 U.S. 980, 121 S.Ct. 430, 148 L.Ed.2d 438 (2000); *State v. Parson*, 988 S.W.2d at 267. Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence. *Hughes v. State*, 24 S.W.3d at 838; *State v. Parson*, 988 S.W.2d at 267.

Dominique's father dropped her off at Godiness's house and informed her that Dominique was ill. Dominique immediately began vomiting and soon after could not see. Dominique had been hospitalized on one prior occasion because of injuries Rodriguez had inflicted upon her, and Godiness informed the investigating officers that Rodriguez previously had abused Dominique. This evidence constituted reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe Rodriguez had committed an assault resulting in bodily injury to Dominique, a member of Rodriguez's family. *See* Tex.Code Crim. Proc. Ann. art. 14.03(a)(4) (Vernon Supp.2001).

### CONCLUSION

The trial court's judgment is affirmed.