MEMORANDUM OPINION




No. 04-03-00219-CR



Gilbert SALAS,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 12, Bexar County, Texas


Trial Court No. 805891


Honorable Michael E. Mery, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion , Justice


Delivered and Filed: July 7, 2004


AFFIRMED

 Gilbert Salas was stopped by a police officer for speeding and was arrested for driving while
intoxicated. When Salas was searched after the arrest, the officer found marijuana in Salas's pocket.
Salas filed a motion to suppress the marijuana evidence, which was denied at the pre-trial hearing.
At trial, the jury acquitted Salas of the driving while intoxicated charge but found him guilty of the
possession charge, sentencing him to one year of community supervision. On appeal, Salas argues
that his arrest violated the Fourth Amendment of the United States Constitution because the officer
had no probable cause to arrest him for driving while intoxicated. Therefore, Salas claims that the
marijuana found in his pocket was a fruit of his illegal arrest and should have been suppressed by the
trial court. We disagree and affirm the judgment of the trial court. 

Factual Background

 Officer Xavier Cordero's account of the arrest differs between his pre-trial and trial testimony.
At the pre-trial hearing, Cordero testified that he received a dispatch call for a vehicle driving
recklessly. According to Cordero, he came across the vehicle in question, which was driven by Salas.
Cordero paced the speed of Salas's vehicle and determined Salas was speeding. Upon stopping Salas,
Cordero smelled alcohol on his breath and asked him to perform field sobriety tests; however, Salas
refused. Cordero testified that he arrested Salas for driving while intoxicated because of the odor of
Salas's breath and Salas's uncooperative demeanor. Cordero later searched Salas and found the
marijuana on him. 

 At trial, Cordero's testimony regarding his observation of Salas changed. The officer stated
that he noted in his report that Salas's speech was slurred and that his walking was unbalanced,
factors that potentially increased the probable cause for the DWI arrest. During trial, Salas's attorneys
never objected to the introduction of Cordero's additional testimony regarding Salas's behavior. 

Standard of Review

 When reviewing a trial court's suppression ruling, appellate courts should afford almost total
deference to a trial court's determination of the historical facts that the record supports and to "mixed
questions of law and fact," especially when the trial court's fact findings are based on an evaluation
of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); State v.
Oliver, 29 S.W.3d 190, 191 (Tex. App.--San Antonio 2000, pet. ref'd). During a hearing on a
motion to suppress evidence, "the trial court is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony." State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000). Determinations of probable cause are reviewed de novo because they involve mixed
questions of law and fact and do not turn on an evaluation of credibility and demeanor. State v.
Parson, 988 S.W.2d 264, 267 (Tex. App.--San Antonio 1998, no pet). Accordingly, an appellate
court should give deference to the trial court's determination of the facts revealed from the trial
testimony, and considering those facts, review whether the law was properly applied. Id. 

Warrantless Arrest 

 In his first issue, Salas challenges the legality of his arrest. As a general rule, police officers
must obtain an arrest warrant prior to conducting an arrest. Parson, 988 S.W.2d at 266. In certain
circumstances, however, arrests may be legally procured without a warrant. Id. Chapter 14 of the
Texas Code of Criminal Procedure permits officers to conduct warrantless arrests in specific
circumstances. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). Article 14.01(b) provides,
"A peace officer may arrest an offender without a warrant for any offense committed in his presence
or within his view." Id. Article 14.01(b) thus permits a warrantless arrest for driving while intoxicated
when the offense is committed in the view or presence of the arresting officer. Warrick v. State, 634
S.W.2d 707, 709 (Tex. Crim. App. 1982).




Probable Cause 

 Salas argues that the trial court should have granted his motion to suppress the marijuana
evidence because the marijuana was obtained subsequent to an illegal arrest. Specifically, Salas argues
that there was not enough evidence in Cordero's testimony at the pre-trial hearing to establish
probable cause for a DWI arrest. 

 Probable cause to support the warrantless arrest of an individual by a police officer is
necessary and exists where "the facts and circumstances within the officer's knowledge and of which
he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable
caution in the belief that a particular person has committed or is committing an offense." Amores v.
State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). The reviewing court must consider the totality
of the circumstances in order to determine whether the facts were enough to give the police officer
probable cause to arrest the individual. Guzman, 955 S.W.2d at 87.

 In past cases concerning DWI arrests, courts of appeals have held that some of the "usual
signs of intoxication" include dangerous driving, unsteady feet, smelling strongly of intoxicants, and
slurred speech. Dyar v. State, 59 S.W.3d 713 (Tex. App.--Austin 2001) aff'd, 125 S.W.3d 460 (Tex.
Crim. App. 2003); Kimball v. State, 24 S.W.3d 555 (Tex. App.--Waco, 2000, no pet.); Lopez v.
State, 936 S.W.2d 332 (Tex. App.--San Antonio 1996, no pet). Likewise, the Court of Criminal
Appeals has held signs of intoxication include alcohol on breath, unsteady feet, and driving in a
dangerous manner. Dyar v. State, 125 S.W.3d 460 (Tex. Crim. App. 2003); State v. Ballard, 987
S.W.2d 889 (Tex. Crim. App. 1999); Greer v. State, 544 S.W.2d 125 (Tex. Crim. App. 1976);
Fontenot v. State, 486 S.W.2d 941 (Tex. Crim. App. 1972). In Ballard, Ballard was arrested and
charged with DWI. 987 S.W.2d at 890. Ballard filed a motion to suppress, alleging that items seized
from his vehicle were the fruits of an illegal search undertaken pursuant to an unlawful detention and
arrest. Id. The court of criminal appeals upheld the appellate court's decision that an officer may
search a vehicle's passenger compartment if probable cause exists to arrest the driver. Id. at 891. The
court determined there was probable cause for the DWI arrest because the arresting officer testified
that Ballard veered to the side and collided with his truck as he walked, his speech was slurred, he
had difficulty standing still, and he was unsure about his whereabouts and destination. Id.

 In this case, Officer Cordero testified at trial that in addition to smelling alcohol on Salas's
breath, his speech was slurred and his walking was unbalanced. Cordero's trial testimony is very
similar to cases where probable cause was found for a DWI arrest and therefore the State desired this
evidence to be used on the appeal. See Ballard, 987 S.W.2d 889. Because Cordero's trial testimony
would be requisite for probable cause, this court must focus on the fact that the issue was
consensually relitigated by the parties during the trial on the merits. 

 The record indicates that the State raised the probable cause issue at trial with subsequent
participation in the inquiry by the defense; thus, the defendant effectively reopened the evidence and
actively relitigated the issue. See Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984).
The rule is as follows: 

 When appellate courts are asked to determine whether the trial court erred in
overruling a pretrial motion the general rule is that we consider only evidence adduced
at hearing on that motion and do not resort to testimony subsequently elicited at trial
because the ruling in issue was not based on the latter. But where the ground of error
complains of the admission of evidence at trial, and the issue has been consensually
relitigated by the parties during trial on merits, consideration of the relevant trial
testimony is appropriate.

 

Id.

 We note that the relitigation rule does not require defendants to subsequently object to
admission of the same pre-trial evidence at trial in order to preserve error. Gearing v. State, 685
S.W.2d 326, 329 (Tex. Crim. App. 1985), rev'd on other grounds, 956 S.W.2d 33 (Tex. Crim. App.
1997). Because Salas asked to suppress the marijuana evidence at the pre-trial and this request was
overruled, he did not have to object when this evidence was submitted at trial. However, Salas did
not object to Cordero's additional testimony at trial regarding Salas's slurred speech and unbalanced
walk. In fact, Salas fully participated in the relitigation of the issue in his cross-examination of
Cordero. 

 The present matter is analogous to Rachal v. State, where the defendant did not object when
the State reintroduced the relevant suppression issues and the defendant fully participated in the
relitigation of the issues in his cross-examination of a witness. 917 S.W.2d 799, 809 (Tex. Crim. App.
1996). Because the court determined that the defendant fully participated in the relitigation of the
issues, the court determined that it could properly consider the witness's trial testimony in its review
of the trial court's suppression determination. Id. We made a similar decision in Flores v. State, where
the defendant stated that he was erroneously convicted for unlawfully carrying a weapon, claiming
that the evidence of the guns found in his vehicle should have been suppressed. 895 S.W.2d 435, 438
n.1 (Tex. App.-- San Antonio 1995, no pet). At trial, Flores did not object to any additional
testimony given by the States' witnesses and defense counsel cross-examined the witnesses. We
ultimately decided we would consider the witness's trial testimony in determining whether the trial
court erred in denying the motion to suppress. Id. 



Conclusion

 Because Salas did not object to the additional relevant testimony given by Cordero at trial and
his counsel fully cross-examined the officer, Cordero's testimony about Salas' unsteady walk, slurred
speech, alcohol-smelling breath, and excessive speed established that Cordero had probable cause
to arrest Salas for DWI. Therefore, the arrest was legal and the trial court did not err in overruling
the request to suppress the marijuana evidence. The judgment of the trial court is affirmed. 

 Catherine Stone, Justice


Do Not Publish