NUMBER 13-05-102-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROBERT ALEXANDER HERRERA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 248th District Court of Harris County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Chief Justice Valdez



 Pursuant to a plea agreement, appellant, Robert Herrera, pleaded guilty to the
offense of aggravated possession of a controlled substance with intent to deliver and was
assessed a term of twenty years imprisonment and a fine of $1.00. Tex. Health & Safety
Code Ann. § 481.115 (Vernon 2003). The trial court has certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and
not withdrawn or waived, and the defendant has the right of appeal." See Tex. R. App. P.
25.2(a)(2). On appeal, appellant raises seven issues, which can be properly narrowed and
addressed as three: (1) whether the trial court abused its discretion in denying appellant's
motion to suppress the evidence that was obtained as a result of a police stop; (2) whether
appellant's consent to search the car was voluntary and knowledgeable; and (3) whether
the mandatory requirements of article 38.23 of the Texas Code of Criminal Procedure were
violated. Tex. Crim. Proc. Code Ann. art. 38.23 (Vernon 2005). We affirm. 

I. FACTUAL AND PROCEDURAL BACKGROUND

 A pre-trial motion to suppress was filed on July 2, 2004, raising the issue that the
initial "traffic stop" was without probable cause, that no Miranda warnings were given prior
to custodial interrogation, and that the arrest and seizure were conducted in violation of the
rights guaranteed to individuals by chapter 14 and section 38.22 and 38.23 of the Texas
Code of Criminal Procedure, the Fourth Amendment to the United States Constitution, and
article 1, section 9 of the Texas Constitution. See Tex. Code Crim. Proc. Ann. arts. 14.01-.04 (Vernon 2005); Id. arts. 38.23, 38.23 (Vernon 2005); U.s. const. amend. V; tex.
Const. art. I, § 9. On December 10, 2004, the trial court held a hearing on the motion to
suppress. At the hearing, the State called Harris County Police Officers Robert Bradley,
Richard Ashwood, and Claudia Fernandez. Appellant testified on his own behalf. 

 On January 8, 2004, a police informant telephoned Officer Bradley, a narcotics
investigator with the Harris County Police Department. Officer Bradley testified that he had
previously worked with the informant on five different occasions. During the phone call, the
informant told Officer Bradley that a multi-kilo cocaine transaction was going to take place
at a particular address. Officer Bradley, along with Officer Ashwood, drove to the particular
location, physically met with the informant, and again was told of the expected drug
transaction. Officers Bradley and Ashwood then decided to conduct a surveillance of the
residence. 

Officer Bradley testified that he set up his surveillance east of the residence while
Officer Ashwood was directly across the street of the residence in a parking lot. Officer
Bradley was not able to see the house from where he was but Officer Ashwood was
directly across the street and could see the house. Midway into the stakeout, Officer
Bradley received a phone call from the informant who was positioned inside the residence. 
The informant told Officer Bradley that he had just seen three kilograms of cocaine. Officer
Bradley asked the informant to leave the residence so that they could meet for a second
time. The informant complied, met with Officer Bradley, and informed him that two
individuals had arrived at the house with three kilograms of cocaine stored in a toolbox. 

Officer Ashwood testified that he saw appellant and another man drive up in a Ford
Expedition. According to Officer Ashwood, appellant took a toolbox out of the vehicle and
walked into the house through the open garage door. Officer Ashwood saw the informant
leave the house about twenty minutes after appellant arrived. One half hour later, Officer
Ashwood saw appellant walk out of the house with the toolbox in hand and place it behind
the passenger seat of the Ford Expedition. At this point, Officer Ashwood had already
been informed by Officer Bradley that the informant had seen three kilograms of cocaine
in a toolbox. Officer Ashwood testified that when he saw appellant pull away in the Ford
Expedition he believed that the cocaine was still in the toolbox. Based on this information,
Officers Ashwood and Bradley ordered patrol units to make the stop of appellant's vehicle. Two patrol units performed the traffic stop. One patrol unit positioned itself directly
behind appellant's vehicle while the other unit pulled around the front. Both units had their
emergency lights on. Additionally, there were two narcotics units that surrounded
appellant's vehicle. On cross-examination, Officer Bradley testified that because appellant
was surrounded by police vehicles he was of the opinion that appellant was not free to
leave at that point. 

 Houston Police Officer Fernandez also testified at the suppression hearing. Officer
Fernandez testified that she was in the patrol car that made the initial traffic stop of
appellant's vehicle. She testified that appellant's vehicle was surrounded by police units,
that each officer got out of his vehicle with his gun drawn, and that the officers' guns were
pointed directly at the vehicle's occupants. She also testified that appellant was not free
to leave and under arrest. 

 Officer Ashwood testified that once the stop of appellant's vehicle was made, he
went directly to the appellant, who was in the driver's seat. He informed appellant of the
purpose of the stop and asked if he had any objections to a search of his vehicle. 
According to Officer Ashwood, appellant had no objections and consented to the search. 
Officer Ashwood went immediately to where the toolbox was located and saw the cocaine. 
On cross-examination, Officer Ashwood testified that he could not remember if he had his
gun drawn but that it was possible. He agreed that appellant's vehicle was stopped and
detained and was not permitted to leave. 

 Appellant testified that the stop was made with police vehicles surrounding him on
all sides and that he was ordered out of his car at gunpoint. Appellant also denied ever
being asked for his consent to search his vehicle. On cross-examination, appellant
acknowledged that he walked into and out of the residence with a toolbox in hand. He also
testified that he placed the toolbox in the backseat of the Ford Expedition. 

 The trial court denied appellant's motion to suppress, holding that the officer's belief
that there was cocaine in the car was sufficient reason to justify the stop of appellant's car. 
This appeal ensued. 

II. DISCUSSION

A. Standard of Review

 A trial court's ruling on a motion to suppress is generally reviewed for abuse of
discretion. Tex. Crim. Proc. Code Ann. art. 28.01(6) (Vernon 2006); Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex.
Crim. App. 1985). At a suppression hearing, the trial court is the sole finder of fact. Arnold
v. State, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993). The trial court is free to believe or
disbelieve any or all of the evidence presented. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). Thus, in reviewing a trial court's ruling on a motion to suppress,
we give almost total deference to the trial court's determination of historical facts and
application-of-law-to-fact questions that turn on the credibility and demeanor. Perales v.
State, 117 S.W.3d 434, 437 (Tex. App.--Corpus Christi 2003, pet. ref'd); Morrison v. State,
71 S.W.3d 821, 827 (Tex. App.--Corpus Christi 2002, no pet.). We review de novo
application-of-law-to-fact questions that do not turn on credibility and demeanor. Morrison,
71 S.W.3d at 827. We will sustain the trial court's ruling admitting the evidence if the ruling
is reasonably supported by the record and correct on any theory of law applicable to the
case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). This is so even if the
trial judge gives the wrong reasons for her decision. Romero, 800 S.W.2d at 543. 

B. The Arrest 

 Appellant first contends that the testimony adduced at the hearing on the motion to
suppress revealed that a "full blown de facto arrest" occurred at the inception of the stop. 
Specifically, he argues that because he was surrounded by police vehicles on all sides and
was ordered to exit at gunpoint by five officers, we should find that an arrest occurred at
the inception of the police contact. Appellant further contends that because his arrest was
made without a warrant and without the benefit of a warrant exception as set out in chapter
14 of the code of criminal procedure, any evidence obtained as the result of the arrest
should have been suppressed. See Tex. Code Crim. Proc. Ann. arts. 14.01-.04 (Vernon
2005); Id. art. 38.23 (Vernon 2005). The State, on the other hand, argues that the search
and seizure was premised on a valid investigative detention. Thus, at the outset, we must
determine whether appellant's detention should properly be characterized as an arrest or
an investigative detention.

 An arrest occurs when a person's liberty of movement is restricted or restrained by
an officer or person executing a warrant of arrest or without a warrant. Id. art. 15.22;
Medford v. State, 13 S.W.3d 769, 772-73 (Tex. Crim. App. 2000); Amores v. State, 816
S.W.2d 407, 411 (Tex. Crim. App. 1991). However, a stop is deemed an investigative
detention when a police officer detains a person reasonably suspected of criminal activity
to determine his identity or to momentarily maintain the status quo to garner more
information. Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). 

There is no bright-line rule that differentiates between an arrest and an investigation. 
Rhodes v. State, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). Whether the stop by an
officer is an arrest or a mere investigative detainment depends on the circumstances
present in each case; there are several factors to consider, such as (1) the extent to which
appellant was restrained and prevented from leaving, compared to the level of restraint
necessary to secure the officer's safety, (2) the officer's belief regarding whether it was an
arrest, and (3) whether the officer actually conducted an investigation in conjunction with
the stop. See Balentine v. State, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002); Burkes v.
State, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991); Amores, 816 S.W.2d at 412. To
determine whether a seizure has ripened into a full-scale arrest, the court must consider
the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983); Amores, 816
S.W.2d at 413. 

Our review of the record indicates that a total of four police vehicles were used to
surround appellant's vehicle on all sides, thus precluding the possibility of escape. Five
officers then drew their weapons, pointed them directly at appellant, and ordered him out
of his vehicle. It was also the consensus among the officers who testified that appellant
was placed under arrest at the very inception of the police contact and that, given the
circumstances of the stop and seizure, it was reasonable that appellant would not feel free
to leave. Moreover, it was only after appellant was surrounded, and five officers drew their
weapons and pointed them directly at appellant that any type of investigative questioning
occurred. Clearly, this is not what is meant by an investigative detention. See Amores,
816 S.W.2d at 412 (recognizing that the investigative detention contemplated by Terry v.
Ohio, 392 U.S.1 (1968), is one during which the police are allowed to briefly question a
suspicious person respecting his identity, his reason for being in the area or location, and
to make similar reasonable inquiries of a truly investigatory nature). 

Based on these facts, it is clear that appellant was arrested when the officers
surrounded his vehicle on all sides, pointed their guns at him, and then ordered him out of
his car. See Tex. Code. Crim. Proc. Ann. art. 15.22 (Vernon 2005). Thus, after reviewing
the totality of the circumstances in this case, we hold that the restriction on appellant's
freedom of movement amounted to the degree associated with an arrest, as opposed to
an investigative detention. Therefore, because appellant was arrested without the benefit
of an arrest warrant, we must decide if one of the warrant exceptions applied. 

C. Warrant Exception 

 Although the United State Constitution authorizes an arrest without warrant on
probable cause, in Texas, the authority to arrest a suspect without a warrant is governed
by statute. See Florida v. White, 526 U.S. 559, 564, (1999); State v. Parson, 988 S.W.2d
264, 266 (Tex. App. --San Antonio 1998, no pet.). In Texas, a person may be legally
arrested without a warrant only if (1) the arrest falls within one of the statutory provisions
authorizing a warrantless arrest, and (2) the arrest meets the applicable probable cause
requirement. Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989) (en banc).

Article 14.01(b) provides that "a peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view." Tex Code Crim.
Proc. Ann. art 14.01(b) (Vernon 2005). Appellant argues that article 14.01 does not help
the State's case because the statute strictly limits the arrest of a person to only where the
police have personally observed the commission of an offense in their presence or within
their view. In support, appellant points out that both Officer Bradley and Officer Ashwood
testified that they never observed appellant commit any type of offense before they
conducted their stop of appellant's vehicle. We disagree with appellant's overall
interpretation of article 14.01(b). 

The test for probable cause for a warrantless arrest under article 14.01(b) is
"[w]hether at that moment the fact and circumstances within the officer's knowledge and
of which he had reasonably trustworthy information sufficient to warrant a prudent man in
believing that the arrested person had committed or was committing an offense." Beverly
v. State, 792 S.W.2d 103, 104-05 (Tex. Crim. App. 1990) (emphasis added) (citing Beck
v. Ohio, 379 U.S. 89 (1964)). The Texas Court of Criminal Appeals has been clear in its
interpretation of this rule. Contrary to appellant's position, the court has held that although
the statute states the offense must be one that is committed within the officer's presence
or view, an officer can make a warrantless arrest based on an offense that was committed
at an earlier time and further, the officer does not even have to personally see the offense
committed before the warrantless arrest is justified under article 14.01(b). Akins v. State,
202 S.W.3d 879, 897 (Tex. App.--Fort Worth 2006, no pet.) (citing Id.). An officer may
also rely on reasonably trustworthy information provided by another person in making the
overall probable cause assessment. See Lunde v. State, 736 S.W.2d 665, 667 (Tex. Crim.
App. 1987). Thus, if an officer has reasonably trustworthy information which, when
coupled with the officer's personal observations, establishes probable cause to believe that
an offense is being or has been committed, the warrant exception will apply. See Beverly,
792 S.W.2d at 104-05. Whether probable cause exists is determined by considering the
totality of the circumstances. Amores, 816 S.W.2d at 413.

In the instant case, Officer Bradley testified that he received information from a
confidential informant with whom he had worked on four or five occasions in the past, and
that the informant's information was always accurate. Officer Bradley met with the
informant face-to-face at the location prior to the appellant's arrival. The informant called
Bradley twice from the house, the second time to report that there were three kilograms of
cocaine inside. He again met face-to-face with Officer Bradley as they waited for the
appellant to leave. The informant told Officer Bradley that the appellant had a toolbox
containing three kilograms of cocaine, and that the informant had personally seen the
cocaine. 

 Within one half-hour of receiving the information, appellant left the residence with
a toolbox in hand. Officer Ashwood was able to see appellant place the toolbox in the
backseat of the Ford Expedition. Officer Ashwood and Officer Bradley testified that they
were in constant contact with each other; thus, the information given by the informant to
Officer Bradley was relayed to Officer Ashwood. Officer Ashwood independently
corroborated the information provided by the informant when he saw appellant walk in and
out of the residence with a toolbox in hand. Because the reliable informant provided
detailed information that was verified by law enforcement officers, we conclude that
probable cause existed for the arrest. See Whaley v. State, 686 S.W.2d 950, 952 (Tex.
Crim. App. 1985) (holding that officers had probable cause for warrantless arrest because
officers verified all details given by informant except question of whether suspect was
carrying drugs; consequently, they had reasonable grounds to believe the remaining item
of unverified information was also true). Therefore, we hold that under the totality of the
circumstances, the officers had probable cause to justify the warrantless arrest of
appellant. See Akins, 202 S.W.3d 879 at 902. 

 We hold that the warrantless arrest of appellant fell within the warrant exception in
article 14.01(b) of the code of criminal procedure and as a result was a legal arrest. Tex.
Crim. Proc. Code ann. art. 14.01(b) (Vernon 2005). Therefore, the cocaine seized from
appellant's vehicle was the product of a search incident to a valid arrest. See Chimel v.
California, 395 U.S. 752, (1969); McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App.
2003). Appellant's first issue is overruled. Furthermore, because we find the search to be
incident to a valid arrest we need not address the issue of whether appellant's consent to
search was voluntary. See Tex. R. App. P. 47.1. Finally, because any evidence seized as
the result of the valid arrest is admissible, the cocaine seized was not subject to exclusion
under article 38.23 of the Texas Code of Criminal Procedure. See Williams v. State, 726
S.W.2d 99, 100 (Tex. App.--Corpus Christi 2004, no pet.) (citing Thornton v. United
States, 541 U.S. 615, 621-22 (2004). Appellant's third issue is overruled.

III. CONCLUSION 

 The judgment of the trial court is affirmed. 

 

 

 ROGELIO VALDEZ

 Chief Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 14th day of December, 2006.