

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0579-21

### EX PARTE GLENDA HAMMONS, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

*Per curiam.*

## O P I N I O N

Appellant was charged in a three-count indictment with injury to a child. TEX. PENAL CODE § 22.04. The first and third counts alleged that she caused "serious mental deficiency, impairment, or injury" to the complainant, while the second count alleged that she caused bodily injury to the complainant.

Appellant filed a pretrial application for a writ of habeas corpus challenging the facial constitutionality of § 22.04(a)(2), which provides, in part, that a person commits an offense

if she causes a child, elderly individual, or disabled individual "serious mental deficiency, impairment, or injury." TEX. PENAL CODE § 22.04(a)(2). Appellant did not challenge subsection (a)(3), the bodily-injury provision in § 22.04. The trial court denied relief.

Appellant appealed. The court of appeals upheld the trial court's ruling and concluded that § 22.04(a)(2) was not unconstitutional on its face. *Ex parte Hammons*, No. 10-19-00362-CR, ___ S.W.3d ___ (Tex. App.—Waco May 26, 2021). Appellant has now filed a petition for discretionary review challenging the court of appeals' holding.

In considering Appellant's petition, we noticed that there may be a question about the cognizability of her challenge to subsection (a)(2). "[A] pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001)(citing *Headrick v. State*, 988 S.W.2d 266, 228-29 (Tex. Crim. App. 1999)). Here, the second count in the indictment alleged under § 22.04(a)(3) that Appellant caused bodily injury to the complainant, but her habeas application challenged only the provision in subsection (a)(2) relating to "serious mental deficiency, impairment, or injury." Thus, even if subsection (a)(2) was found facially unconstitutional, it may be that only the first and third counts in the indictment would need to be struck, and the prosecution could at least theoretically proceed on the second count.

The court of appeals should have addressed cognizability as a threshold issue before reaching the merits of Appellant's claim. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)(because pretrial habeas, followed by an interlocutory appeal, is an "extraordinary

remedy" appellate courts must take care to ensure that a pretrial writ has not been misused; therefore, "whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved"). We therefore grant review of the decision of the court of appeals on our own motion, vacate the judgment of the court of appeals, and remand this case to that court to address the cognizability of the issue raised in Appellant's pretrial habeas application.[1]

DATE DELIVERED: OCTOBER 6, 2021
PUBLISH

---

[1] We refuse Appellant's petition for discretionary review without prejudice.