## H. R. HEAD v. THE STATE.

No. 18409.   Delivered June 3, 1936.
Rehearing Denied October 14, 1936.

The opinion states the case.

*J. K. Russell* and *A. C. Chrisman,* both of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for violation of the provisions of Art. 827a, P. C., regulating the operation of vehicles on highways; penalty assessed at a fine of one dollar.

Section 6 of Art. 827a, P. C., contains the following:

"Any license and weight inspector of the State Highway department, having reason to belive (believe) that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. The inspector may then require the driver or operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified by this Act."

See Vernon's Ann. Tex. P. C., Vol. 2, 1935 Pocket Supplement, p. 60.

The State's witness Hosmer Hunt, Constable of Precinct No. 5 of Grandview, Johnson County, Texas, testified that while patrolling the highway on the 4th day of January, 1936, he noticed appellant driving a commercial motor vehicle which appeared to be overloaded. He stopped the appellant and requested him to go back to Grandview and weigh the vehicle which he was driving. This appellant failed to do and was arrested by the constable.

Appellant testified that on the morning of January 4, 1936, he was stopped on Highway No. 2, between Grandview and Alvarado, Texas, by the witness Hunt, who told him to return to Grandview and weigh his truck, which the constable thought was overloaded. Appellant said he was in a hurry and refused to weigh his truck because he did not think it was overloaded. He also testified that he did not think he was violating the law in refusing to stop and weigh his truck when requested to do so by a constable.

The State's Attorney before this court concedes that the statute in question (Sec. 6 of Art. 827a) confers authority only upon License and Weight Inspectors of the State Highway Department to require drivers and operators of motor vehicles to have their trucks and contents weighed; and that constables and other peace officers of the state are without such authority. In this view we are inclined to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The specific charge against appellant was that he operated a commercial motor vehicle on a designated state highway and "refused to drive said commercial motor vehicle back to Grandview, Texas, a distance of less than two miles, to the public scales, which scales were the nearest ones to said commercial motor vehicle, after said request to so return and weigh said commercial motor vehicle had been made by Hosmer Hunt, *Constable* of Precinct No. 5 of Grandview, Texas, which said constable had reason to believe and did believe that the gross weight of said loaded vehicle was unlawful."

The sole point urged by appellant on the trial was that under the terms of the law quoted in our original opinion only license and weight inspectors of the State Highway Department are authorized to weigh the vehicle mentioned, or to request it to be driven to the nearest scales if they were within two miles, for the purpose of there having it weighed, and that appellant violated no law in refusing to drive his vehicle to the scales at Grandview upon request of the constable because said officer was without authority to act under the statute named.

It will be observed that appellant was not being prosecuted for operating an overloaded truck, and there is no evidence in the record to show that the truck was in fact overloaded. The prosecution was based solely upon his refusal to drive the truck to the scales to ascertain whether it was so overloaded.

It is insisted by the State in its motion for rehearing that the constable had authority to act in the premises under the general provisions of the Code of Criminal procedure (articles 212 and 213) vesting peace officers with the right to arrest without warrant if an offense which was a breach of the peace was being committed in the officer's presence. The argument for the State appears based upon the assumption that the truck was overloaded, and many cases are cited which are thought to sustain the contention that the operation of an overloaded truck is per se and regardless of the manner of its operation, a breach of the peace. Most of the cases cited are upon facts which show that the operation of the vehicle under consideration was reckless and at excessive speed, endangering the lives of non-offending citizens. Other cases cited are upon facts where our statutes specifically authorize arrests to be made without warrant.

We quote from Corpus Juris, Vol. 9, pages 386 to 388, the definition of a breach of the peace:

"The term 'breach of the peace' is generic, and includes all violations of the public peace or order, or decorum; in other words, it signifies the offense of disturbing the public peace or tranquillity enjoyed by the citizens of a community; a disturbance of the public tranquillity by any act or conduct inciting to violence or tending to provoke or excite others to break the peace; a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm disturbs the peace and quiet of the community. By 'peace,' as used in this connection, is meant the tranquillity enjoyed by the citizens of a municipality or a community where good order reigns among its members. Breach of the peace is a common-law offense. It has been said that it is not a specific offense, yet it may be, and at times is, recognized as such by statute or otherwise; and only when so regarded will it be considered in this article.

"The offense may consist of acts of public turbulence or indecorum in violation of the common peace and quiet, of an invasion of the security and protection which the laws afford to every citizen, or of acts such as tend to excite violent resentment or to provoke or excite others to break the peace. Actual or threatened violence is an essential element of a breach of the peace. Either one is sufficient to constitute the offense. Accordingly, where means which cause disquiet and disorder, and which threaten danger and disaster to the community, are used, it amounts to a breach of the peace, although no actual personal violence is employed. Where the incitement of terror or fear of personal violence is a necessary element, the conduct or language of the wrongdoer must be of a character to induce such a condition in a person of ordinary firmness."

Our own statutes and the cases decided thereunder sustain the idea that to be a breach of the peace the act complained of must be one which disturbs or threatens to disturb the tranquillity enjoyed by the citizens. See articles 473 to 482, Penal Code; Lee v. State, 45 Texas Crim. Rep., 94. We think no act of appellant brings the present case within the scope of a breach of the peace which could justify the officer in making the arrest without a warrant.

If the Legislature should deem the authority vested in the designated officers under the law quoted in our original opinion to be too restrictive and conclude that the rights conferred on said officers should be extended to peace officers generally then

the Legislature may so provide; but until the law as now written is changed we think the more reasonable construction is that placed upon it in our original opinion, that is, that the Legislature purposed to limit the rights therein conferred upon the officers named as being especially equipped and trained to properly do the things therein authorized.

Believing the original opinion to have properly disposed of the case, the State's motion for rehearing is overruled.

*Overruled.*