**Carol Ann CROWLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00362–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 20, 1992.

Sidney Crowley, Houston, for appellant.

John Holmes, Dist. Atty., Tim Taft, Asst. Dist. Atty., Houston, for appellee.

Before COHEN, DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

Appellant, Carol Ann Crowley, was convicted by the trial court of driving while intoxicated. Her punishment was assessed at 180 days confinement, probated, and a $250 fine. This Court reversed the judgment and remanded for a new trial, holding that the evidence was obtained as a result of an invalid warrantless arrest. *Crowley v. State*, No. 01–90–00362–CR, 1991 WL 63611 (Tex.App.—Houston [1st Dist.], April 25, 1991). The court of criminal appeals granted the State's petition for discretionary review and found that this Court failed to address one of the State's reasons for upholding appellant's conviction, 823 S.W.2d 256. The case is now before this Court on remand for consideration of the State's argument that the warrantless arrest was valid under TEX.CODE CRIM.P.ANN. art. 14.03(a)(1) (Vernon Supp.1992).

We affirm.

On February 21, 1990, appellant was involved in a traffic accident with Tim Graves. When Graves got out of his car to exchange insurance information, appellant made a U-turn and drove away. Graves got back in his car and followed appellant about five blocks, taking down appellant's license plate number. Appellant drove her car into a detached garage at a private residence and closed the garage door automatically. Graves left the passenger of his car, Kelly Patrick, to watch the garage, while he went to call the police. Patrick stated that no one entered or exited the garage before the police arrived.

Graves flagged down Houston Police Department Officer Michael Torres, who had been dispatched to the scene, and took him to the garage. Torres ran a check on the license plate and learned that the car was registered to that address. He had the dispatcher telephone the house, but nobody answered. Torres knocked on the door of the house, but he got no response.

In an attempt to verify that the car was in the garage, Torres had Graves pull up on the door, while Torres looked under it

with a flashlight. Patrick saw appellant's feet inside the garage. Torres told appellant to come out and talk to him. He said if she did not come out, he would file the incident as a failure to stop and give information and get a warrant for her arrest. Appellant came out of the garage.

When the officer began talking to her, he noticed that she had the smell of alcohol on her breath, bloodshot eyes, and slurred speech. He asked appellant to perform several field sobriety tests, which she was unable to complete. Graves identified appellant as the driver of the vehicle, and Torres arrested her for driving while intoxicated.

The sole issue for this Court's determination on remand is whether appellant's arrest was legal, pursuant to TEX.CODE CRIM. P.ANN. art. 14.03(a)(1) (Vernon Supp.1992). The State asserts this was a valid warrantless arrest because appellant was found in a suspicious place under circumstances showing she was guilty of a breach of the peace. Although we recognized this assertion in our original opinion, we failed to address it.

The code of criminal procedure provides: Any peace officer may arrest, without warrant: (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws....

TEX.CODE CRIM.P.ANN. art. 14.03(a) (Vernon Supp.1992). Thus, to determine if the arrest was legal, we must first decide if appellant was found in a suspicious place. Second, we must determine if the circumstances show that appellant was guilty of a breach of the peace.

■ Few places are in and of themselves suspicious; however, a place may become suspicious due to facts and circumstances known to the officer and any reasonable inferences from those facts. *Johnson v. State*, 722 S.W.2d 417, 421 (Tex.Crim.App. 1986). The determination of whether a place is a "suspicious place" is highly fact specific. *Holland v. State*, 788 S.W.2d 112, 113 (Tex.App.—Dallas 1990, pet. ref'd).

The Dallas Court of Appeals has held that it was reasonable for police to place an apartment under surveillance and arrest appellant when he came home, because a car leaving the scene of a robbery was registered to the occupant of that apartment. *Wilson v. State*, 722 S.W.2d 3, 4 (Tex.App.—Dallas 1986, no pet.). The court found that these facts allowed the police to reasonably conclude that the occupant of the apartment committed the robbery, making appellant's apartment a "suspicious place."

■ Likewise, it was reasonable for Torres to conclude that the person hiding in the garage had just committed the offense of failing to stop and give information. Graves told the officer that he followed appellant from the scene of the accident to the garage. Patrick watched the garage until the police arrived, and told Torres that no one had entered or exited the garage since appellant drove inside. Because the garage was detached from the house, no one could leave or enter it without being detected. The only person inside the garage was appellant. Thus, the only logical conclusion is that appellant committed the offense of failing to stop and give information. It is therefore proper to classify the garage as a "suspicious place."

■ We must next determine if failing to stop and give information is a "breach of the peace."

The term "breach of the peace" is generic, and includes all violations of the public peace or order, or decorum; in other words, it signifies the offense of disturbing the public peace or tranquility enjoyed by the citizens of a community; *a disturbance* of the public tranquility *by any act or conduct inciting to violence or tending to provoke or excite others to break the peace; a disturbance* of public order by an act of violence, or *by any act likely to produce violence*, or which, by causing consternation and alarm disturbs the peace and quiet of the community. By "peace," as used in this connection, is meant the

tranquility enjoyed by the citizens of a municipality or a community where good order reigns among its members. Breach of the peace is a common-law offense....

*The offense may consist of acts* of public turbulence or indecorum in violation of the common peace and quiet, of an invasion of the security and protection which the laws afford to every citizen, or acts *such as tend to excite violent resentment or to provoke or excite others to break the peace.* Actual or threatened violence is an essential element of a breach of the peace. Either one is sufficient to constitute the offense. Accordingly, *where means which* cause disquiet and disorder, and which *threaten danger* and disaster *to the community, are used, it amounts to a breach of the peace, although no actual personal violence is employed....*

Woods v. State, 152 Tex.Crim. 338, 213 S.W.2d 685, 687 (1948) (quoting *Head v. State,* 131 Tex.Crim. 96, 96 S.W.2d 981, 982 (1936)) (emphasis added).

The traffic regulations provide:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license....

Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 40 (Vernon Supp.1992).

The purpose of this statute is to provide order when a traffic accident occurs, and to allow for assistance to an innocent or injured party. Anyone who flees the scene of an accident disturbs the order and decorum that the statute is meant to provide. We take judicial notice of the number of traffic-related incidents that lead to violence in Harris County. As stated in *Woods,* conduct like appellant's is likely to arouse violent resentment that incites others to break the peace. Appellant invaded the security and protection afforded to every citizen when she failed to stop and provide Graves with the information required by statute. Thus, the circumstances show she was guilty of a breach of the peace.

All seven of appellant's points of error deal with the court's refusal to suppress evidence obtained in an illegal arrest. Because we find appellant's arrest valid, all points of error overruled.

The judgment of the trial court is affirmed.