

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00697-CR

Christopher Arthur **MAROUDAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 364789
Honorable Walden Shelton, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

Christopher Maroudas was charged with operating a motor vehicle in a public place while intoxicated. Following the trial court's denial of his motion to suppress which Maroudas challenges on appeal, Maroudas pled no contest. The trial court found Maroudas guilty, sentenced him to two days in jail, and assessed a fine of $100. We affirm the trial court's order denying Maroudas's motion to suppress.

**BACKGROUND**

Ray Ramon called 911 to report that he had been involved in a minor automobile accident with another vehicle. Officer David Martinez, who responded to the call, was initially misdirected to Ramon's home but was then redirected to Ramon's actual location. Upon arriving, Officer Martinez made contact with Ramon in a store parking lot. Ramon told Officer Martinez that the vehicle he was driving had been "hit" by another vehicle and that he had followed the other vehicle to the current location. Ramon showed Officer Martinez the damage to his car caused by the accident. Ramon then pointed to the other vehicle involved in the accident, which was parked in a nearby parking lot.

Officer Martinez approached that vehicle and noticed that its engine was running, the stereo was being played loudly, and that Maroudas was "hunched over" inside and appeared to be asleep. Officer Martinez observed that Maroudas was still in his seatbelt and that the key was in the car's ignition. Officer Martinez smelled alcohol upon entering the car. Officer Martinez was unable to awaken Maroudas by yelling at him, so he turned down the volume on the stereo and attempted to physically wake him by shaking his shoulders and tapping him on the face. Still unable to wake Maroudas, Officer Martinez rubbed the sternum area of Maroudas's chest. Officer Martinez testified that after a "pretty hard" sternum rub, Maroudas finally awoke. Maroudas appeared disoriented and was slow to step out of the car. Officer Martinez asked if Maroudas had been drinking and he responded that he had a little. Officer Martinez observed a "slight smell" of alcohol coming from Maroudas's breath and that Maroudas's speech was somewhat slurred. Officer Martinez found it necessary to repeat his questions several times and observed that Maroudas was slow to respond. Officer Martinez detained Maroudas by placing him in handcuffs in the back of his patrol car and called for another officer to conduct a DWI investigation.

Officer Daniel Zimmerman arrived at the scene to conduct a DWI investigation approximately thirty minutes after Officer Martinez was initially dispatched and made contact with Maroudas. Officer Zimmerman testified that Maroudas's eyes were glassy and bloodshot, his speech was slurred, and that there was "a very strong and distinct odor of an alcoholic beverage coming from his breath." Maroudas told Officer Zimmerman that he had not been involved in an automobile accident but that he had been at a bar and had consumed four mixed alcoholic beverages. Officer Zimmerman administered three field sobriety tests on Maroudas. Officer Zimmerman testified that Maroudas exhibited six out of six clues on the horizontal gaze nystagmus (HGN) test, four out of eight clues on the "walk and turn" test," and three out of four clues on the "one leg stand" test. Maroudas was subsequently arrested for DWI.

## STANDARD OF REVIEW

When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial court's ruling, giving "almost total deference to [the] trial court's determination of the historical facts that are supported by the record, particularly if the findings of fact are based on credibility and demeanor." *Miller v. State*, 393 S.W.3d 255, 262 (Tex. Crim. App. 2012). The same level of deference is given to "a trial court's application of law to the facts or to mixed questions of law and fact, especially when the findings are based on credibility and are supported by the record." *Id.* at 262-63. Application of the law of search and seizure, such as determining the reasonableness of a temporary detention, is a mixed question of law and fact that is reviewed de novo. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Salinas v. State*, 224 S.W.3d 752, 756 (Tex. App.—San Antonio 2007, pet. ref'd). The trial court's ruling will not be disturbed if it is correct under "any theory of law applicable to the case." *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

## DISCUSSION

Maroudas contends the trial court erred in denying his motion to suppress because: (1) no reasonable suspicion existed to justify his initial detention; and (2) no probable cause existed to justify his arrest for DWI.

Under the Fourth Amendment to the United States Constitution, the warrantless detention of a person must be justified by reasonable suspicion. *Kerwick*, 393 S.W.3d at 273 (citing *Terry v. Ohio*, 392 U.S. 1, 28 (1968)). "A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). Whether reasonable suspicion exists requires an objective inquiry based on the totality of the circumstances, considering both the content of the information known to the officer and its degree of reliability. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). Information provided to police from a "citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable." *Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011). Such information, "when viewed through the prism of the detaining officer's particular level of knowledge and experience, [may] objectively support a reasonable suspicion to believe that criminal activity is afoot." *Id.* at 915.

The Fourth Amendment further requires that an officer have probable cause to effectuate a warrantless arrest. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "Probable cause exists where police have reasonably trustworthy information sufficient to warrant a reasonable person to believe that a particular person has committed or is committing an offense." *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003). As in the reasonable suspicion determination, we evaluate whether probable cause existed by employing an objective inquiry

based on the totality of the circumstances. *State v. Mosely*, 348 S.W.3d 435, 441 (Tex. App.—Austin 2011, pet. ref'd).

An operator of a vehicle involved in an accident, resulting only in damage to a vehicle, commits an offense if he does not remain at the scene of the accident to provide certain statutorily prescribed information. *See* TEX. TRANSP. CODE ANN. § 550.022 (West 2011). The duty imposed by the Transportation Code to remain on the scene of an accident only requires that there be damage to "a vehicle." *Id.*

The facts and evidence provided by Ramon, combined with rational inferences from those facts, could have led Officer Martinez to reasonably believe that the vehicle occupied by Maroudas had been involved in an accident with Ramon and that Maroudas failed to remain at the scene of the accident. *See Tex. Dept. of Public Safety v. Jones*, 938 S.W.2d 785, 787 (Tex. App.—Beaumont 1997, no pet.). Thus, Officer Martinez's initial encounter and detention of Maroudas was justified by reasonable suspicion that Maroudas had committed a criminal offense by failing to remain at the scene of an accident. Moreover, although Maroudas argues that the officers lacked probable cause to arrest him for DWI, we need not address this argument because the facts and evidence provided by Ramon, coupled with Officer Martinez's observation of the damage to Ramon's vehicle, also gave Officer Martinez probable cause to arrest Maroudas for failing to remain on the scene of the accident. *See* TEX. TRANSP. CODE ANN. § 550.022 (West 2011); *see also Crowley v. State*, 842 S.W.2d 701, 703-04 (Tex. App.—Houston [1st Dist.] 1992), *pet. ref'd*, 830 S.W.2d 613 (Tex. Crim. App. 1991).

#### CONCLUSION

Because Officer Martinez had both reasonable suspicion to justify his initial encounter with Maroudas and probable cause to arrest him for failing to remain at the scene of an accident, the

trial court did not err in denying Maroudas's motion to suppress. The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH