

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 21, 2018

The Honorable Matthew C. Poston
Liberty County Attorney
1923 Sam Houston, Suite 202
Liberty, Texas 77575

Opinion No. KP-0189

Re: Whether an elected constable and deputy constables may simultaneously serve under the sheriff, specifically to perform tasks related to the duties of a weight-enforcement officer under Transportation Code chapter 621 (RQ-0187-KP)

Dear Mr. Poston:

You ask whether an elected constable and deputy constables may simultaneously serve under the sheriff, specifically to perform tasks related to the duties of a weight-enforcement officer under Transportation Code chapter 621.[1] Chapter 621 generally grants weight-enforcement officers the exclusive authority to enforce vehicle-weight regulations in any area of the State. TEX. TRANSP. CODE § 621.408(a). The statutory list of persons who may be a weight-enforcement officer includes sheriff's deputies. *Id.* § 621.401(3). You state that a constable and a deputy constable for Liberty County are also commissioned as deputy sheriffs. Request Letter at 2.

The Department of Public Safety (the "Department") has the responsibility to establish uniform weighing procedures by rule to ensure that weight-enforcement officers obtain accurate measurement of motor vehicle weight. TEX. TRANSP. CODE § 621.402(e)(1). The Department may revoke or rescind an officer's weight-enforcement authority if the officer or the officer's law enforcement agency fails to comply with those rules. *Id.* § 621.402(e)(2). The Department requires a law enforcement agency that employs weight-enforcement officers to enter into a memorandum of understanding with the Department and requires officers to complete the Department's weight-enforcement training to receive certification as a weight-enforcement officer. 37 TEX. ADMIN. CODE § 4.56(b).

Your question concerns whether a person's commission as a constable or deputy constable disqualifies the person from serving as a weight-enforcement officer, not whether the Department should provide its training to any particular persons. We preliminarily consider whether statutes, the constitution, or the common law prohibit a constable or deputy constable from serving

---

[1]*See* Letter from Honorable Matthew C. Poston, Liberty Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1, 3 (Oct. 10, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

simultaneously as a sheriff's deputy. First, no statute we are aware of prohibits such simultaneous service. *See, e.g.,* TEX. LOC. GOV'T CODE §§ 85.001–.023 (chapter 85, concerning sheriffs and deputy sheriffs), 86.001–.025 (chapter 86, concerning constables and deputy constables).

Second, article XVI, section 40 of the Texas Constitution, where applicable, prohibits a person from simultaneously holding or exercising "more than one civil office of emolument." TEX. CONST. art. XVI, § 40. However, the prohibition applies only if both positions are civil offices within the meaning of the constitutional provision. *State ex. rel. Hill v. Pirtle,* 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding). Whether a person holds a civil office subject to article XVI, section 40 depends on whether the person exercises a sovereign function of the government "largely independent of the control of others." *Id.* Opinions of this office determine that, while elected constables are constitutional officeholders, deputy sheriffs, who serve at the direction and pleasure of the sheriff, do not hold a public office for purposes of article XVI, section 40. *See* Tex. Att'y Gen. Op. Nos. GA-0470 (2006) at 4, GA-0402 (2006) at 1. Accordingly, article XVI, section 40 does not preclude a person from simultaneously holding the positions of constable or deputy constable and the position of deputy sheriff.

Third, the common-law doctrine of incompatibility also may preclude a person from holding two public positions. *See Thomas v. Abernathy Cty. Line Indep. Sch. Dist.,* 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted). Like the constitutional prohibition of dual officeholding, however, the common-law doctrine of incompatibility prevents a person from holding two positions only when each position constitutes an office. *See id.* at 152–53. Because a deputy sheriff does not hold an office, the common-law doctrine of incompatibility does not apply. *See* Tex. Att'y Gen. Op. No. GA-0402 (2006) at 2; *see also* Tex. Att'y Gen. Op. No. GA-0470 (2006) at 4. In short, neither article XVI, section 40 of the Constitution, nor any statute, nor the common-law doctrine of incompatibility prevents a constable or deputy constable from simultaneously serving as a deputy sheriff.

We next consider the persons eligible to be weight-enforcement officers under chapter 621 of the Transportation Code. Section 621.401 defines "weight enforcement officer" by listing persons eligible for the position:

> In this subchapter, "weight enforcement officer" means:
>
> (3) a sheriff or sheriff's deputy;
>
> . . . ; or
>
> (6) a constable or deputy constable designated under Section 621.4015.[2]

---

[2]Section 621.4015(a) of the Transportation Code provides:

(continued...)

TEX. TRANSP. CODE § 621.401(3), (6). Constables and deputy constables not mentioned in section 621.401 are not authorized by that section to be weight-enforcement officers. *See Head v. State*, 96 S.W.2d 981, 982 (Tex. Crim. App. 1936) (holding that a statute that gave authority to weigh vehicles to Department weight inspectors did not give such authority to constables or other peace officers). By authorizing some constables and deputy constables, section 621.401 indicates that other constables and deputy constables are excluded under the statutory construction doctrine that "the expression of one implies the exclusion of others." *Mid–Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273–74 (Tex. 1999) (discussing the doctrine of *expressio unius est exclusio alterius*). However, your question asks about individuals commissioned as both sheriff's deputies and as constable or constable's deputies. The statute's construction must give full effect to subsection (3)'s authorization of sheriffs and deputy sheriffs to serve as weight-enforcement officers. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999) (holding that courts "must view the statute's terms in context, and give them full effect"). Thus, the fact that such individuals may not have weight-enforcement authority as a constable or deputy constable does not affect their weight-enforcement authority as a deputy sheriff. Accordingly, section 621.401 allows a person commissioned as a sheriff's deputy to serve as a weight-enforcement officer even if the person is also commissioned as a constable or constable's deputy. *See* TEX. TRANSP. CODE § 621.401(3).

---

(a) A county commissioners court may designate a constable or deputy constable of the county as a weight enforcement officer in a county:

(1) that is a county with a population of 1.5 million or more and is within 200 miles of an international border; or

(2) that is adjacent to a county with a population of 3.3 million or more; and

(3) in which a planned community is located that has 20,000 or more acres of land, that was originally established under the Urban Growth and New Community Development Act of 1970 (42 U.S.C. Section 4501 et seq.), and that is subject to restrictive covenants containing ad valorem or annual variable budget based assessments on real property.

TEX. TRANSP. CODE § 621.4015(a).

## S U M M A R Y

Neither article XVI, section 40 of the Texas Constitution, nor any statute, nor the common-law doctrine of incompatibility precludes a constable or constable's deputy from serving simultaneously as a sheriff's deputy. A deputy sheriff may serve as a weight-enforcement officer under section 621.401 of the Transportation Code, even if the person simultaneously serves as a constable or deputy constable.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee