**AFFIRMED as MODIFIED; Opinion Filed October 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01138-CR

### JACOB WILSON, III, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 17-90023-422-F**

## MEMORANDUM OPINION
**Before Justices Myers, Evans, and Brown**
**Opinion by Justice Evans**

Jacob Wilson appeals his conviction for assault of a public servant. The trial court assessed punishment at five years' imprisonment. On appeal, appellant contends that the evidence is insufficient to support the conviction. The State argues that the evidence is sufficient to support the conviction and requests that we modify the judgment to reflect that appellant pled "not guilty" to the offense. As modified, we affirm the trial court's judgment.

### BACKGROUND

In January, 2017, Kendrick Johnson was employed as a police officer with the University of Texas at Dallas. Johnson testified that he had been a certified police officer since December, 2013. Prior to his employment with the University of Texas, Johnson worked for the DART (Dallas Area Rapid Transit) Police Department.

On January 28, Johnson was off duty and shopping with his wife at a Lowe's store in Forney. While they were in the checkout line, they noticed appellant walk past them towards the exit carrying two boxes of merchandise. When the alarms sounded, Johnson heard the cashier tell appellant to stop and saw appellant starting to "trot" as he headed into the parking lot. Johnson believed appellant was stealing the merchandise and chased after him while shouting at appellant that he was a police officer and "to stop." When Johnson caught up with appellant and grabbed him, appellant dropped the boxes and they both fell to the ground. Johnson again announced that he was a police officer and that appellant needed to stop. After they got to their feet, appellant told Johnson that he was going to shoot him. Johnson grabbed appellant's left arm and told appellant that he was a police officer and that he was under arrest. Appellant resisted but eventually Johnson was able to get him on the ground and get on top of his body. While Johnson attempted to restrain appellant on the ground, appellant reached up and struck Johnson's face with a closed fist. The blow busted Johnson's lip, and caused it to swell.

Several other people witnessed Johnson's scuffle with appellant. Nick Richter, another customer waiting in the checkout line, saw appellant walk by him carrying several boxes out the door. Richter saw Johnson chasing after him screaming that he was a policeman and that he needed to stop. Richter reacted to the situation by dropping "his things" and running out to the parking lot. He heard appellant telling Johnson that he had a gun and was going to shoot him. Richter assisted Johnson in his attempt to detain appellant by getting on top of appellant and holding him down. At Johnson's request, Richter called 911 and relayed information to the dispatcher which indicated that an officer needed assistance. Three other witnesses also assisted Johnson in detaining appellant by standing on appellant's arm and kneeling on his legs. Forney police arrived and arrested appellant.

# ANALYSIS

In appellant's sole issue on appeal, appellant contends that the evidence is legally insufficient to support the conviction. In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 313 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact-finder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Brooks,* 323 S.W.3d at 899.

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. §§ 22.01(a)(1) (West Supp. 2017). When a person commits assault against a person he knows is a public servant lawfully discharging an official duty, the offense is a third degree felony. *Id.* at § 22.01(b)(1). Appellant does not dispute that the evidence is sufficient to prove that he intentionally caused bodily injury to Johnson by hitting him in the face. Rather, appellant contends that the evidence is insufficient to prove that Johnson was lawfully discharging his duty as a peace officer or that appellant knew that Johnson was a peace officer at the time of the assault.

## A. Evidence Appellant Knew Johnson Was A Police Officer

To support his claim that the evidence is insufficient to prove that he knew Johnson was a peace officer, appellant relies on Johnson's testimony and the testimony of two other witnesses that there was nothing about Johnson's appearance that indicated that he was a police officer. Appellant points to the evidence which showed that Johnson was dressed like any other customer in the store and was not wearing a uniform or carrying a service weapon and did not have a badge.

The argument that this evidence raises a question as to whether appellant actually knew that Johnson was a police officer was presented at trial and rejected by the trial court. The record shows that Johnson testified that he repeatedly identified himself as a police officer as he chased appellant and then struggled to detain to him. Johnson also testified that each time he announced that he was a police officer, appellant responded by telling Johnson that he was going to shoot him. Further, Richter testified that after Johnson started chasing appellant, he heard Johnson screaming repeatedly that he was a policeman. Richter also testified that during the struggle between Johnson and appellant, he heard Johnson tell appellant repeatedly that he was a police officer and appellant needed to stop, while appellant repeatedly told Johnson that he had a gun and was going to shoot him.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant knew Johnson was a peace officer when he hit Johnson in the face while Johnson was trying to detain him. *See Polk v. State*, 337 S.W.3d 286, 289 (Tex. App.—Eastland 2010, pet. ref'd) (evidence sufficient to prove that defendant knew individual was peace officer despite conflicting testimony regarding whether individual was in uniform and had identified himself as a police officer at time of assault); *Lavern v. State*, 48 S.W.3d 356, 359–60 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (evidence sufficient to prove that appellant knew individual was police officer even though officer was not in uniform and initially denied being an officer, where evidence showed appellant accused him of being an officer and, after a gun battle erupted, the officer repeatedly identified himself as an officer).

## B.    Evidence Johnson Was Lawfully Discharging An Official Duty

Appellant also contends that Johnson did not have the authority to pursue and detain him because the incident occurred in Kaufman County and Johnson was employed as a peace officer

with the University of Texas at Dallas in Dallas County. Appellant argues that Section 51.203 of the Texas Education Code governs the jurisdiction of campus peace officers and did not authorize Johnson to pursue and detain appellant. The State argues that article 14.03 of the code of criminal procedure authorized Johnson to act as a police officer under the circumstances of this case. We agree with the State.

The provisions of section 51.203 of the education code limits the jurisdiction of a campus peace officer to all counties in which there is property under the control of the institution or circumstances in which the officer is assisting another agency, summoned by another agency to assist them, or otherwise performing his duties for the university. *See* TEX. EDUC. CODE ANN. § 51.203(a), (b), & (c) (West Supp. 2017). Section 51.203(e) requires that any person commissioned under section 51.203 of the education code be a certified police officer. *Id*. § 51.203(e). Article 2.12 of the code of criminal procedure defines officers commissioned under "Subchapter E, Chapter 51, Education Code" as peace officers. TEX. CODE CRIM. PROC. ANN. art. 2.12(8) (West Supp. 2017). Section (d) of article 14.03 of the code of criminal procedure provides, in pertinent part: "A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace." TEX. CODE CRIM. PROC. ANN. art. 14.03(d) (West Supp. 2017).

In *Ramirez v. Fifth Club, Inc.*, the court considered the application of the jurisdictional restrictions contained in section 51.203 of the education code for campus police officers outside their primary jurisdiction in relation to the provisions contained in article 14.03(d) defining the limits of a peace officer's authority outside his own jurisdiction. *Ramirez v. Fifth Club, Inc.*, 144 S.W.3d 574, 583 (Tex. App.—Austin 2004), *rev'd in part on other grounds, Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 798 (Tex. 2006). The court concluded that the language of articles

2.12(8) and article 14.03(d) of the code of criminal procedure was clear and unambiguous and did not conflict with section 51.203 of the education code, and stated:

> Section 51.203(c) of the education code describes three instances when a campus officer at a public institution who is outside of his primary jurisdiction is "vested with *all* the powers, privileges, and immunities of peace officers and may arrest any person who violates any law of the state." *Id*. § 51.203(c) (emphasis added). Section 51.203(c) is narrowly tailored to describe the circumstances under which a campus police officer maintains *full* peace-officer status, even if outside the officer's jurisdiction. This does not conflict with former article 14.03(d), which empowers campus police officers—those employed by public and private institutions alike—to make warrantless arrests for a small number of offenses committed within the officer's presence or view. *See* Former Tex. Code Crim. Proc. Ann. art. 14.03(d). Because section 14.03(d) applies equally to campus officers employed by public institutions and campus officers employed by private institutions and is not in conflict with section 51.203 of the education code. . . .[1]

*Id.* at 583 (footnote omitted).

We agree with the court's analysis of the two statutes and, as in *Ramirez*, conclude that the language of article 14.03(d) of the code of criminal does not conflict with section 51.203 of the education code. The authority cited by appellant relies on a prior version of section 51.203 and does not address the current provisions of article 14.03(d) expanding the authority of peace officers outside their ordinary jurisdictions. Accordingly, we now consider whether appellant's conduct constituted either a breach of the peace or a felony offense thereby authorizing Johnson to detain and arrest appellant under the provisions of article 14.03(d).

An offense against a "breach of the peace" is not statutorily defined. *See Andrade v. State,* 6 S.W.3d 584, 590 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). However, the court of criminal appeals has explained the term this way:

> The term "breach of the peace" is generic, and includes all violations of the public peace or order, or decorum; in other words, it signifies the offense of disturbing the public peace or tranquility enjoyed by the citizens of a community; a disturbance of the public tranquility by any act or conduct inciting to violence or tending to

---

[1] The 2004 *Ramirez* opinion refers to the "former" article 14.03(d) because the statute in effect when the cause of action arose was the slightly narrower version in effect prior to the 2003 amendment to the statute. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 3.02, 2003 Tex. Gen. Laws 3586, 3715.

provoke or excite others to break the peace; a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm disturbs the peace and quiet of the community. By "peace," as used in this connection, is meant the tranquility enjoyed by the citizens of a municipality or a community where good order reigns among its members. Breach of the peace is a common-law offense. It has been said that it is not a specific offense, yet it may be, and at times is, recognized as such by statute or otherwise; and only when so regarded will it be considered in this article.

The offense may consist of acts of public turbulence or indecorum in violation of the common peace and quiet, of an invasion of the security and protection which the laws afford to every citizen, or of acts such as tend to excite violent resentment or to provoke or excite others to break the peace. Actual or threatened violence is an essential element of a breach of the peace. Either one is sufficient to constitute the offense. Accordingly, where means which cause disquiet and disorder, and which threaten danger and disaster to the community, are used, it amounts to a breach of the peace, although no actual personal violence is employed. Where the incitement of terror or fear of personal violence is a necessary element, the conduct or language of the wrongdoer must be of a character to induce such a condition in a person of ordinary firmness.

*Woods v. State*, 213 S.W.2d 685, 687 (Tex. Crim. App. 1948) (quoting *Head v. State*, 96 S.W.2d 981, 982 (Tex. Crim. App. 1936); *see also Miles v. State*, 241 S.W.3d 28, 40 (Tex. Crim. App. 2007).

The determination of whether an act amounts to a breach of the peace is dependent upon the surrounding acts and circumstances in the particular case. *Id.; see also Turner v. State*, 901 S.W.2d 767, 770 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Conduct that has been found to be a breach of the peace includes: driving while intoxicated, possession of a handgun, loud swearing or cursing in a public place, the unprovoked assault by a man on a woman in a public place, throwing or swinging a beer bottle at another person, failing to stop and give information after a traffic accident, criminal trespass on fenced land containing livestock by one who had previously been asked to leave, and defendant's return to the scene of the previous day's burglary to retrieve stolen property hidden in the shrubbery. *Andrade*, 6 S.W.3d at 590–91 (citing cases). In addition, in *Estes v. State*, 660 S.W.2d 873, 874–75 (Tex. App.—Ft. Worth 1983, pet. ref'd), the court found that a defendant who extended the middle finger of his right hand to a high school

principal during commencement exercises breached the peace because the obscene gesture amounted to "fighting words."

In this case, appellant's attempt to steal merchandise from the Lowe's store caused a public commotion resulting in alarms going off, an employee shouting for him to stop, and Johnson chasing appellant into the parking lot where Johnson and appellant scuffled before Johnson was ultimately able to detain appellant until the Forney police arrived. Johnson repeatedly shouted at appellant during the chase and struggle that he was a police officer; appellant responded by telling Johnson that he was going to shoot him. The record also shows that another customer reacted to the commotion by running outside after Johnson and appellant and assisted Johnson in holding appellant down and calling 911. He heard Johnson shouting at appellant repeatedly and appellant threatening to shoot him. In addition, several other customers witnessed the struggle between Johnson and appellant and also came to Johnson's aid by restraining appellant's arm and leg. Under these circumstances, we conclude that appellant's conduct constituted a breach of the peace.

Further, once appellant threatened to shoot Johnson, Johnson was justified in attempting to detain and arrest appellant for the felony offense of robbery. Section 29.02 of the penal code provides that a person commits the offense of robbery if, in the course of committing theft, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). *See White v. State*, 671 S.W.2d 40, 42–43 (Tex. Crim. App. 1984) (assault occurring during flight from attempted theft can constitute robbery under section 29.02); *Arnold v. State*, 36 S.W.3d 542, 545 (Tex. App.—Tyler, 2000, pet. ref'd) (same); *Morgan v. State*, 703 S.W.2d 339, 340 (Tex. App.—Dallas 1985, no pet.) (same).

On this record, we conclude that Johnson was authorized to detain and arrest appellant under article 14.03 of the code of criminal procedure. We further conclude that the evidence is legally sufficient to prove that, when appellant committed the assault, Johnson was a public servant

discharging an official duty.  Having concluded that the evidence is legally sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant knew Johnson was a peace officer and that Johnson was a public servant discharging an official duty at the time of the assault, we overrule appellant's sole issue.

## II.     Modification of Judgment

The State requests that we modify the judgment to accurately reflect that appellant entered a plea of not guilty to the offense.  The trial court's judgment reflects that appellant pleaded guilty. However, the trial record shows that appellant entered a plea of not guilty.  Accordingly, we modify the judgment to reflect that appellant pleaded not guilty to the offense. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd.).

## CONCLUSION

As modified, we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
171138F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACOB WILSON, III, Appellant

No. 05-17-01138-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 17-90023-422-F.
Opinion delivered by Justice Evans, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Section entitled "Plea to Offense" is modified to state "Not Guilty."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of October, 2018.